EXHAUST UNLIMITED, INC., individually and on behalf of all others similarly situated, Plaintiff,

v.

CINTAS CORPORATION, Steiner Corporation, Mission Linen Supply, G & K Services, Inc., AmeriPride Services, Inc., National Services Industries, Inc., UniFirst Corporation, Aramark Uniform and Career Apparel Inc, and Textile Rental Service Association, Defendants.

No. 02–CV–0614–MJR.

United States District Court, S.D. Illinois.

July 26, 2004.

Barbara J. Hart, Brian D. Caplan, Goodkind Labaton, New York, NY, Charles A. McCallum, III, McCallum Law Firm, Vestavia Hills, AL, Edward A. Wallace, Wexler Firm, Chicago, IL, Eugene C. Menges, Belleville, IL, Kenneth A. Wexler, Wexler Firm, Chicago, IL, Lawrence G. Papale, St. Helena, CA, Mark J. Tamblyn, Cutter, Ratinoff et al., Sacramento, CA, Nyran R. Pearson, Wexler Firm, Chicago, IL, R. Brent Irby, McCallum Law Firm, Vestavia Hills, AL, Stephanie E. Katz, Goodkind Labaton, New York, NY, for Plaintiff.

Glenn E. Davis, Armstrong Teasdale, St. Louis, MO, Gregory M. Utter, Keating, Muething, et al., Cincinnati, OH, J. Richard McEachern, McEachern & FitzRoy, St. Louis, MO, Joseph M. Callow, Jr., Rachael A. Rowe, Keating, Muething, et al., Cincinnati, OH, Gordon R. Broom, Burroughs, Hepler et al., Edwardsville, IL, Jason W. Hardin, Fabian & Clendenin, Salt Lake City, UT, Jeffrey W. Sarles, Mayer, Brown et al., Chicago, IL, Joseph P. Whyte, Heyl, Royster et al., Edwardsville, IL, Michael T. Sullivan, Mayer, Brown et al., Chicago, IL, Peter W. Billings, Jr., Fabian & Clendenin, Salt Lake City, UT, Robert F. Finke, Mayer, Brown et al., Chicago, IL, Robert H. Shultz, Jr., Heyl, Royster et al., Edwardsville, IL,

Charles S. Bargiel, Mullen & Henzell, Santa Barbara, CA, Donald K. Schoemaker, Donald E. Weihl, Greensfelder, Hemker et al., Belleville, IL, Jeffery M. Cross, John Z. Lee, Elizabeth T. Friedlander, Freeborn & Peters, Chicago, IL, James A. Lamberth, Troutman Sanders, Atlanta, GA, Louis F. Bonacorsi, Bryan Cave, St. Louis, MO, Lynette E. Smith, Troutman Sanders, Atlanta, GA, Michael E. Franklin, William N. Withrow, Jr., Troutman Sanders, Atlanta, GA, Kurtis B. Reeg, Reeg, Nowogrocki et al., St. Louis, MO, Robert A. Schwartzbauer, Dorsey & Whitney, Minneapolis, MN, Jason L. Holly, Starnes & Atkinson, Birmingham, AL, Troy A. Bozarth, Burroughs, Hepler et al., Edwardsville, IL, Brett C. Gerry, Christopher C. Nee, Goodwin Procter LLP, Boston, MA, Harry B. Wilson, Jr., Husch & Eppenberger, St. Louis, MO, James Sweet, Goodwin Procter LLP, Boston, MA, Joel B. Samson, Husch & Eppenberger, St. Louis, MO, John K. Felter, Kai W. Lyman, Mark E. Tully, Goodwin Procter LLP, Boston, MA, James E. DeFranco, DeFranco Law Firm, P.C., O'Fallon, IL, for Defendant.

Samuel Hill, Gardner, Middlebrooks et al., Birmingham, AL, for Respondent.

## MEMORANDUM & ORDER

REAGAN, District Judge.

Now before the Court is Defendants National Service Industries, Inc. ("NSI") and Steiner Corporation's ("Steiner") motion for summary judgment (Doc. 167) pursuant to FEDERAL RULE OF CIVIL PROCEDURE 56. NSI and Steiner argue that Plaintiff Exhaust Unlimited, Inc.'s ("Exhaust") class-action complaint against Defendants Cintas Corporation, Steiner, Mission Linen Supply, G & K Services, Inc., AmeriPride Services, Inc., NSI, UniFirst Corporation, and the Textile Rental Service Association charging Defendants with imposing on

their customers environmental charges unrelated to environmental costs through a nationwide conspiracy, is barred by the applicable statute of limitations. Exhaust responded in opposition to the motion for summary judgment (Docs. 171). Defendants replied to Exhaust's response (Doc. 179). The Court begins its analysis with a brief recitation of the key facts and procedural history.

### Procedural History and Background

Exhaust is an Illinois corporation specializing in automotive repair, owned in part by Todd Favre, who serves as Exhaust's corporate representative in this matter. From 1995 until 2001, Exhaust rented uniforms from Defendant G & K Services, Inc. ("G & K"). At each delivery, G & K provided Exhaust with invoices that included the line item charge in all capital letters: ENVIRONMENT CHG, $3.95. Doc. 167, Ex. B. Exhaust paid the total invoice price, including the environment charge, and never questioned its purpose or amount in its six-year business dealings with G & K.

Then in February 2001, Exhaust began renting from Cintas Corporation ("Cintas"). At the time Exhaust contracted with Cintas, Exhaust completed and signed a "New Customer Fact Sheet." Doc. 167, Ex. D. The fact sheet included a question asking Exhaust to check yes or no as to the following statement: "Environment/Delivery Charge Explained, *$2.00 per week.*" Doc. 167, Ex. E. Exhaust

checked yes, signifying that the charge had been explained to Exhaust. *Id.*

Exhaust admits that it paid an environment charge on both the G & K and Cintas invoices, but Favre stated he first noticed the charge in 2002 on a Cintas invoice and requested that his counsel conduct an investigation on the "legalities of an environment charge." Doc. 167, Ex. A, p. 105–07.

On June 13, 2002, Exhaust filed its class action complaint on behalf of itself and other purchasers of linen services and supplies alleging Defendants imposed on its customers environmental charges unrelated to environmental costs through a nationwide conspiracy. Exhaust defines an environmental charge as: "ancillary charges assessed by the Defendants that use an environment-related word, including, but not limited to 'environment,' 'sewer', 'waste-water,' or 'EPA.'" *See* Doc. 149. Count One was brought against all Defendants for unlawful information exchange and price fixing in violation of the Sherman Act, 15 U.S.C. § 1, *et seq.*[1] Defendants NSI and Steiner now move for summary judgment arguing that Exhaust's claim against all Defendants is time-barred.

### Applicable Legal Standards

Summary judgment is proper if the pleadings, depositions, interrogatory answers, admissions, and affidavits reveal that there is no genuine issue as to any material fact *and* that the moving party is

---

1. The original complaint was a three-count complaint (Doc. 1). Count Two was against all Defendants for violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq.* Count Three was against all Defendants except the Textile Rental Service Association for unjust enrichment. In its February 27, 2003 Order, this Court dismissed without prejudice Counts Two and Three against all Defendants, leaving only Count One's Sherman Act violations

(Doc. 127). Both Counts Two and Three were dismissed against all Defendants, except for Cintas, due to failure to state a claim upon which relief may be given. Doc. 127, p. 4, 6. Counts Two and Three were dismissed against Cintas for failure to plead with specificity under Federal Rule of Civil procedure 9(b). Doc. 127, p. 4–5. The Court gave Exhaust leave to file an amended complaint by March 24, 2003, but it chose not to do so. Accordingly, Count One is the only remaining claim.

entitled to judgment as a matter of law. *Vukadinovich v. Board of School Trustees of North Newton School Corp.*, 278 F.3d 693, 698 (7th Cir.2002). The Court is to view the record "in the light most favorable to the non-moving party." *Dyrek v. Garvey*, 334 F.3d 590 (7th Cir.2003), *citing* FEDERAL RULE OF CIVIL PROCEDURE 56(c).

The mere existence of an alleged factual dispute is not sufficient to defeat a summary judgment motion. *Anderson v. Liberty Lobby*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Salvadori v. Franklin School District*, 293 F.3d 989, 996 (7th Cir.2002). Rather, to successfully oppose summary judgment, the nonmovant must present definite, competent evidence in rebuttal. *Salvadori*, 293 F.3d at 996, *citing Vukadinovich*, 278 F.3d at 699.

### Analysis

■ Exhaust brings antitrust claims against Defendants pursuant to the Sherman Act, 15 U.S.C. § 1. The relevant statute of limitations for the Sherman Act is four years, as established by the Clayton Act. *See* 15 U.S.C. § 15(b); *U.S. Gypsum Co. v. Indiana Gas Co., Inc.*, 350 F.3d 623, 628 (7th Cir.2003). NSI and Steiner argue that Exhaust's claim is barred because it received invoices from G & K in 1995 that included an environment charge, but did not file suit until 2002. NSI and Steiner argue Exhaust's cause of action accrued in 1995 when Exhaust first received an invoice with an environmental charge. However, NSI and Steiner's arguments are in error of well-established case law as to when an antitrust action brought under the Sherman Act accrues.

■ The statute of limitations for antitrust litigation "runs from the most recent injury caused by the defendants' activities rather than from the violation's inception." *See Xechem, Inc. v. Bristol–Myers Squibb Co.*, 372 F.3d 899, 902 (7th Cir.2004).[2] *See also Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971); *United States v. E.I. du Pont de Nemours & Co.*, 353 U.S. 586, 77 S.Ct. 872, 1 L.Ed.2d 1057 (1957). *Cf. Klehr v. A.O. Smith Corp.*, 521 U.S. 179, 188–91, 117 S.Ct. 1984, 138 L.Ed.2d 373 (1997)(describing how this approach works). Exhaust's complaint alleges that Cintas imposed an environmental charge as late as February 2001, which is within the four-year period preceding the complaint, and that each imposition of an environmental charge caused additional antitrust injury. Under established principles, this suffices so as to bring a timely antitrust claim under the Sherman Act. *See, e.g., United States Gypsum*, 350 F.3d at 628; *Brunswick Corp. v. Riegel Textile Corp.*, 752 F.2d 261, 271–72 (7th Cir.1984). As the Seventh Circuit stated in its June 23, 2004 decision, "[e]ach discreet act with fresh adverse consequences starts its own period of limitations." *Xechem*, 372 F.3d at 902; *cf. National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002). Consequently, the statute of limitations does not accrue from Exhaust's first imposition of an environmental charge, back in 1995.

Accordingly, as the Court finds that Exhaust's claim does fall within the applicable statute of limitations, the Court need not address whether the doctrine of fraudulent

---

2. The Court notes that NSI and Steiner cite and rely on the Northern District of Illinois' *Xechem, Inc. v. Bristol–Myers Squibb Co.*, 274 F.Supp.2d 937 (N.D.Ill. July 28, 2003), decision that was good case law at the time they filed their motion for summary judgment, but was recently reversed and remanded by the U.S. Court of Appeals for the Seventh Circuit on June 23, 2004. *See Xechem, Inc. v. Bristol–Myers Squibb Co.*, 372 F.3d at 902 (7th Cir.2004).

concealment is applicable in this matter, whether Exhaust's antitrust claim is equitably tolled, or whether Exhaust can rely upon the continuing conspiracy doctrine.

### Conclusion

The Court hereby **DENIES** Defendants National Service Industries, Inc. and Steiner Corporation's motion for summary judgment (Doc. 167). Accordingly, the Court **DENIES AS MOOT** Plaintiff Exhaust Unlimited, Inc.'s motion to continue (Doc. 170) and motion for leave to file recently decided supplemental authority (Doc. 230).

**IT IS SO ORDERED.**